UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KYUNG SOOK KIM on behalf of herself
and all others similarly situated,

               Plaintiffs,

               -against-

MAEIL JANCHI, INC., DANIEL C. AHN,
JOHN AND JANE DOES 1-10, and
XYZ CORPS 1-10,

               Defendants.

---------------------------------------------------------X

Civil Action No.: 1:18-cv-3026

**FLSA COLLECTIVE ACTION and NEW YORK CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, KYUNG SOOK KIM on behalf of herself and all others similarly situated, by and through their attorneys, Kim & Bae, P.C., complaining of the Defendants, MAEIL JANCHI, INC., DANIEL C. AHN, JOHN AND JANE DOES 1-10, and XYZ CORPS 1-10 (collectively referred to as "Defendants"), hereby allege as follows:

### NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and section 190 et seq. of the New York Labor Law ("NYLL") on behalf of the employees who worked for Defendants.

2. Defendants systematically and intentionally ignored the requirements of the FLSA and

–1–

NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the health care services company operated by Defendants, which is located in the Eastern District of New York.

## PARTIES

5. The Plaintiff, KYUNG SOOK KIM, is an individual who resides County of Queens, City and State of New York.

6. The Defendant, DANIEL C. AHN, is an individual who upon information and belief, resides in the County of Queens, City and State of New York and is the owner of MAEIL JANCHI, INC.

7. The Defendant, MAEIL JANCHI, INC. ( d/b/a Mae Il Jan Chi), is a New York corporation, licensed to do business in the State of New York, that has as its principal place of business at 149-32 41st Avenue in the county of Queens, City and State of New York.

8. Defendants employed Plaintiff as waitress at Defendants' Korean restaurant.

9. Plaintiff worked for Defendants from in or about November of 2016 until in or about October of 2017.

10. Defendant MAEIL JANCHI, INC. has employees engaged in commerce or in the

production of goods for commerce and selling and/or was otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Defendant MAEIL JANCHI, INC. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. Upon information and belief, MAEIL JANCHI, INC. has annual gross revenue in excess of $500,000.

13. Throughout Plaintiff's employment, Defendant DANIEL C. AHN hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at MAEIL JANCHI, INC. and XYZ Corps.  Defendant DANIEL C. AHN exercised sufficient control over MAEIL JANCHI, INC. and XYZ Corps. to be considered Plaintiff's employers for purposes of the FLSA and the NYLL.

14. XYZ Companies (Fictitious Names, Nos. 1-10), John Does and Jane Does (Fictitious Names, Nos. 1-10), are fictitious defendants whose identities are unknown to Plaintiff at this time and whom, upon information and belief, are liable in damages to the Plaintiff arising out of tort or contract.

**COLLECTIVE ACTION ALLEGATIONS**

15. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "MAEIL JANCHI, INC. Employees").

16. MAEIL JANCHI, INC. Employees consist of over 20 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by,

*inter alia*, willfully denying them minimum wages, overtime wages, and other wages that they had earned.

17. MAEIL JANCHI, INC. Employees consist of employees who, during their employment with Defendants, worked all day twelve hour shifts as hospitality workers and fall into the category of non-exempt, non-managerial employees.

18. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed MAEIL JANCHI, INC. Employees by engaging in a pattern, practice, and/ or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

   a.   failing to keep accurate records of hours worked by MAEIL JANCHI, INC. Employees as required by the FLSA and the NYLL;

   b.   failing to pay MAEIL JANCHI, INC. Employees minimum wages for all hours worked;

   c.   failing to pay MAEIL JANCHI, INC. Employees overtime pay for all hours worked over forty hours per week;

   d.   failing to every provide MAEIL JANCHI, INC. Employees with pay stubs/paying employees in cash or "under the table"; and

   e.   failing to pay MAEIL JANCHI, INC. Employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours

19. Defendants have engaged in their unlawful conduct pursuant to an admitted and openly stated policy of minimizing labor costs and denying employees their compensation, instead paying what Defendants coin a "fair wage."

20. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the MAEIL JANCHI, INC. Employees.

21. MAEIL JANCHI, INC. Employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

### PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

22. From the period beginning in or about November 8, 2016 and continuing until in or about October 27, 2017, Plaintiff worked for Defendants for five (sometimes six) days each week. She was scheduled to normally work five days each week, Wednesday through Sunday from 10:15 a.m. until past 10:30 p.m, sometimes without a scheduled break or lunch.   Despite a set schedule of 60 hours or more per week, five days per week, for which Plaintiff never received any overtime pay, Plaintiff routinely worked in excess of 10 hours per day, six days per week. Defendants failed to pay minimum wages or overtime wages, and failed to provide paystubs or other required notices

23. For her duration of employment with MAEIL JANCHI, INC., Plaintiff was paid on average $350 per week.

24. Plaintiff never received any overtime compensation for the hours over 40 that she worked every week.

25. Plaintiff regularly worked more than 10 hours per day without a scheduled break or lunch.

26. The Defendants regularly did not provide paychecks or paystubs to Plaintiff.

27. The Defendants did not provide Plaintiff with notices informing her of, *inter alia*, their rate of pay at the time of hiring or at any time during their employment with Defendants.

**FIRST CAUSE OF ACTION**
(Fair Labor Standards Act – Unpaid Minimum Wage)

28. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

30. Defendants were required to pay Plaintiff and MAEIL JANCHI, INC. Employees the applicable minimum wage rate for each hour that they worked.

31. Defendants failed to pay Plaintiff and MAEIL JANCHI, INC. Employees the minimum wages to which they were entitled under the FLSA.

32. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the MAEIL JANCHI, INC. Employees.

33. As a result of Defendants' willful violations of the FLSA, Plaintiff and the MAEIL JANCHI, INC. Employees have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
(New York Labor Law – Unpaid Minimum Wage)

34. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Defendants are employers within the meaning of the NYLL §§ 190 *et seq*., 651(5), and 652, and supporting New York State Department of Labor Regulations.

36. Defendants failed to pay Plaintiff and the MAEIL JANCHI, INC. Employees the

minimum wages to which they were entitled under the NYLL.

37. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the MAEIL JANCHI, INC. Employees minimum hourly wages.

38. As a result of Defendants' willful violations of the NYLL, Plaintiff and the MAEIL JANCHI, INC. Employees have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

### THIRD CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

39. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Defendants were required to pay Plaintiff and the MAEIL JANCHI, INC. Employees one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*.

41. Defendants failed to pay Plaintiff and the MAEIL JANCHI, INC. Employees the overtime wages to which they were entitled under the FLSA.

42. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the MAEIL JANCHI, INC. Employees overtime wages.

43. Due to Defendants' violations of the FLSA, Plaintiff and the MAEIL JANCHI, INC. Employees are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CAUSE OF ACTION
(New York Labor Law – Unpaid Overtime)

44. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 42 as if fully set forth herein.

45. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the MAEIL JANCHI, INC. Employees one and one half (1.5) times the regular rate of pay for all hours that they worked in excess of 40 in a workweek.

46. Defendants failed to pay Plaintiff and the MAEIL JANCHI, INC. Employees the overtime wages to which they were entitled under N.Y. Labor Law § 652, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

47. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the MAEIL JANCHI, INC. Employees overtime wages.

48. Due to Defendants' willful violations of the NYLL, Plaintiff and the MAEIL JANCHI, INC. Employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CAUSE OF ACTION
(New York Labor Law – Spread-of-Hours Pay)

49. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Defendants willfully failed to pay Plaintiff and the MAEIL JANCHI, INC. Employees additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

51. By Defendants' failure to pay Plaintiff and the MAEIL JANCHI, INC. Employees spread-of- hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

52. Due to Defendants' willful violations of the NYLL, Plaintiff and the MAEIL JANCHI, INC. Employees are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### SIXTH CAUSE OF ACTION
(New York Labor Law – Violation of the NYLL Notice and Recordkeeping)

53. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. Defendants failed to provide Plaintiff and the MAEIL JANCHI, INC. Employees with a written notice, in English and in Korean (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL§195(1).

55. Defendants are liable to Plaintiff in the amount of $5,000 for each employee, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
(New York Labor Law – Violation of the NYLL Wage Statement Provisions)

56. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57. Defendants did not provide Plaintiff and the MAEIL JANCHI, INC. Employees with a statement of wage with each payment of wages, as required by NYLL 195(3).

58. Due to Defendants' violation of NYLL § 195(3), Plaintiff and each member of the MAEIL JANCHI, INC. Employees are entitled to recover from Defendants liquidated damages of $300 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all MAEIL JANCHI, INC. Employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

d. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

e. declaring that Defendants' violations of the FLSA and NYLL were willful;

f. enjoining future violations of the FLSA and NYLL by Defendants;

g. awarding Plaintiff damages for unpaid minimum and overtime wages, unlawfully retained gratuities, and spread-of-hours pay;

h. awarding Plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i. awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding such other and further relief as the Court deems just and proper.

Dated: May 22, 2018
Flushing, New York

                                    KIM & BAE, P.C.
                                    *Attorneys for the Plaintiff*


                                    /s/ *Farzad Ramin*
                                    Farzad Ramin, Esq.
                                    154-08 Northern Blvd., Suite 2G
                                    Flushing, New York 11354
                                    Tel (718) 321-0770 Fax (718) 321-0799